IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JABARIAKIAS CUNNINGHAM**                                              **PETITIONER**

**v.**                                                                **No. 1:17CV169-SA-RP**

**WARDEN JODY BRADLEY, ET AL.**                                     **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jabariakias Cunningham for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2), and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

**Facts and Procedural Posture**

Jabariakias Cunningham was convicted in Lowndes County Circuit Court for armed robbery (count one) and aggravated assault (count two). *See* Exhibit A[1] (Orders of Conviction and Sentencing Orders in Lowndes County Circuit Court Cause No. 11-173-CR1H). On March 2, 2012, the trial court sentenced him as a habitual offender to two (2) consecutive twenty-year sentences in the custody of the Mississippi Department of Corrections ("MDOC"). *Id.* Mr. Cunningham's convictions and sentences were affirmed by the Mississippi Court of Appeals. Exhibit B, *Cunningham v. State*, 143 So. 3d 606 (Miss. Ct. App. 2013), *reh'g denied* April 15, 2014, *cert. denied* July 31, 2014 (No. 2012-CT-00418-COA). He did not seek a writ of *certiorari* in the Supreme Court.

---

[1] The exhibits referenced in this memorandum opinion may be found in the State's motion to dismiss.

On June 10, 2015, Mr. Cunningham signed an application for post-conviction review, which he filed in the Mississippi Supreme Court. *See* Exhibit C (Application in Cause No. 2015-M-01219). The Mississippi Supreme Court denied the application on January 28, 2016.

The instant federal *habeas corpus* petition bears a signature date of April 14, 2016. ECF doc. 1, p. 10. However, the envelope accompanying the petition was post-marked on October 13, 2017, and was stamped as "received" in this Court on October 16, 2017. *Id.* at pgs. 1, 11. Thus, nearly 18 months transpired between the date Mr. Cunningham purportedly signed the petition and the date it was post-marked.

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The deadline for seeking *certiorari* review in the United States Supreme Court is 90 days. Rule 13(1), Rules of the Supreme Court. Mr. Cunningham's convictions and sentences thus became final on Wednesday, October 29, 2014 – ninety (90) days after the Mississippi Supreme Court denied his petition for writ of *certiorari* (July 31, 2014 + 90 days). *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (conviction final at the conclusion of direct review or expiration of the deadline for such review). Thus, Mr. Cunningham's initial federal *habeas corpus* deadline became October 29, 2015 (October 29, 2014 + 1 year).

He filed a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on June 10, 2015 (before the initial *habeas corpus* deadline), thus tolling the federal limitations period. *Flanagan v. Johnson,* 154 F.3d 196, n.1 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The limitations period was tolled for 232 days during the pendency of that application – from its filing on June 10, 2015, through its resolution in the Mississippi Supreme Court on January 28, 2016. Hence, the deadline for Mr. Cunningham to seek *habeas corpus* review in this court became Friday, June 17, 2016 (October 29, 2015, plus 232 days).

In addition, Mr. Cunningham does not allege any "rare and exceptional" circumstances to warrant equitable tolling, as he has provided no evidence showing that he was actively misled or prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). He has not shown any basis upon which the court might apply statutory or equitable tolling for these claims; thus, his *habeas corpus* filing deadline remained June 17, 2016.

### Prison Mailbox Rule Does Not Apply

Most inmates seeking federal *habeas corpus* relief benefit from the prison "mailbox rule. Under this rule, a *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivers it to prison officials for mailing to the district court. *Coleman v. Johnson,*

184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Thus, the timeliness of a petition depends "on when [the petitioner] delivered his papers to prison authorities for filing." *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998).

Normally, there is only a brief delay – perhaps a few days – between the date a federal *habeas corpus* petition is signed and the date the court receives it. In such cases, which involve a reasonable delay, the court assumes that the petitioner delivered the petition to prison authorities for mailing on the date it was signed. In this case, however, the delay of 18 months is unreasonable, and there is no documentary proof that Mr. Cunningham delivered his petition to the appropriate prison officials on the "signed" date of April 14, 2016.

As noted above, the envelope containing Mr. Cunningham's petition shows that it was post-marked on October 13, 2017 – and bears no prison legal mail stamp on the outside of the envelope. ECF doc. 1, p. 11. Rosemary Gatlin, the Director of the Inmate Legal Assistance Program ("ILAP") for the Wilkinson County Correctional Facility ("WCCF"), avers that Mr. Cunningham was housed at WCCF from April 23, 2015 until April 16, 2018 – and has never used ILAP for legal services during that time.[2] *See* Exhibit D (Affidavit of Rosemary Gatlin) and Exhibit E (MDOC's housing history). ILAP receives, logs, and deposits inmate legal correspondence in the mail. *Id.*

The federal *habeas corpus* rules govern the application of the prison mailbox rule in cases filed under 28 U.S.C. § 2254:

---

[2] Gia McLeod, the Director of ILAP for MDOC advised the Mississippi Attorney General's Office that ILAP maintains the outgoing legal mail log – which state inmates must use to benefit from the prison mailbox rule. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000).

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. *If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.*

Rule 3(d), Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 (emphasis added). Mr. Cunningham concedes that he did not use the ILAP legal mail system:

> Respondent contends that the date of the post-mark is the date that should be considered the day it was filed, and that is, October 13, 2017. To support this the Respondent relies on an affidavit of the prison inmate legal assistance program, stating that the Petitioner has never utilized the inmate procedure for mailing legal mail. In Ms. Gatlin's affidavit she states that the Petitioner has never utilized the inmate legal assistance program and its mailing system. But, she does not make any sworn statements that the Petitioner did not mail his petition through the *regular* mail, which involves simply giving the prison official the mail for mailing.

Doc. 9 at 1 (Petitioner's Traverse and Reply to the Respondent's Motion to Dismiss) (emphasis added). This argument is unavailing, as Rule 3(d) makes clear that, if the institution has a legal mail system, then the inmate *must* use it in order to benefit from the prison mailbox rule. It does not matter whether Mr. Cunningham used the regular prison mail or not; his failure to use the ILAP Legal Mail system precludes his use of the mailbox rule to extend the federal *habeas corpus* deadline. In the absence of the prison mailbox rule, Mr. Cunningham's petition was filed when it was received by this court – on October 16, 2017.

### Mr. Cunningham's Petition Is Untimely

As set forth above, the federal *habeas corpus* deadline for Mr. Cunningham's convictions expired on June 17, 2016. As Mr. Cunningham cannot take advantage of the prison mailbox rule, his petition was filed on October 16, 2017, when it was received and filed by the Clerk's Office. Thus, his petition was filed 486 days (nearly 16 months) after the expiration of the *habeas corpus* deadline and must be dismissed for that reason.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of January, 2019.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE